**William A. HOWARTH, Sr., Appellant,**

v.

**STATE of Alaska, Appellee.**

No. A–7331.

Court of Appeals of Alaska.

Nov. 24, 2000.

William A. Howarth, Sr., in propria persona, for Appellant.

Douglas H. Kossler, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

*OPINION*

MANNHEIMER, Judge.

In this case, a *pro se* defendant filed a petition for post-conviction relief. The superior court appointed an attorney to represent the defendant. The court also notified the parties that it intended to dismiss the defendant's petition for failure to state a claim. The court set a deadline for the defendant to file an amended petition to correct the deficiencies. The defendant's attorney allowed this deadline to expire without taking action. In the meantime, the court received several pleadings and letters from the defendant personally, all complaining that the attorney was neglecting the defendant's case.

The superior court dismissed the defendant's petition because no amended petition was filed within the deadline. We hold that, given the clear indications of attorney neglect, the superior court abused its discretion in dismissing the petition without investigating and resolving the issue of whether the defendant was receiving effective assistance of counsel.

*Procedural history of this case*

William A. Howarth, Sr., was convicted of second-degree murder in 1995; this court affirmed his conviction and sentence.[1] In September 1997, Howarth filed a petition for post-conviction relief. Because of various administrative mishaps, the superior court did not order the State to respond to Howarth's petition until one year later. At the same time, the superior court appointed attorney Michael Smith to represent Howarth.

In late November 1998, the State moved to dismiss Howarth's petition on a combination of procedural grounds: the State argued that

---

**1.** *See Howarth v. State,* Alaska App. Memorandum Opinion No. 3724, 1997 WL 775566 (1997).

some of Howarth's claims were barred and that the rest did not establish a *prima facie* case for relief.

On January 12, 1999, Superior Court Judge Ben Esch notified Howarth that he proposed to dismiss the petition for post-conviction relief unless Howarth filed an amended or supplemental petition that answered the State's objections or that corrected the defects noted by the State. Howarth was given 30 days to amend his petition.

Six days later (on January 18th), Howarth's attorney, Smith, asked Judge Esch for an extension of this 30 day deadline. Smith explained that he had been having a hard time maintaining contact with Howarth (who had been transferred to a prison in Arizona). He told the court that Howarth's phone calls to him "[had] not been successful" and that "[n]o letters [had] been exchanged by counsel [and Howarth] since his removal to Arizona." Smith asked for an additional 45 days (over and above the 30 days already granted). Judge Esch granted this request.

In the meantime, Howarth filed his own *pro se* motion to extend the time for responding to the court's proposed dismissal. Howarth told Judge Esch that his court-appointed counsel "ha[d] not informed him of any of the proceeding[s] in [his] case, nor ha[d] he answered his requests for information." Howarth attached a five-page affidavit explaining that he believed he was not receiving effective assistance from Smith, and detailing his attempts to communicate with Smith.

Howarth conceded that he had received several letters from Smith requesting information on Howarth's proposed claims, but Howarth asserted that he had responded fully to these letters. Howarth claimed that he had not received any legal materials from Smith. Based on the content of Smith's letters and other communications, Howarth concluded that Smith had not reviewed his post-conviction relief application, and that Smith's "lack of effort" effectively left Howarth without the assistance of counsel.

At approximately the same time (January 7, 1999), Howarth sent a letter to Tom Mize, the area court administrator for the Fourth Judicial District, requesting that Mize assist him in contacting Smith. Howarth told Mize that he had telephoned Smith "a number of times" and that, each time, he was unable to speak with him because Smith was out of the office. Howarth also claimed to have asked Smith (unsuccessfully) to send him a copy of the amended petition that Smith assumedly was drafting.

Mize forwarded Howarth's letter to the superior court, and Judge Esch then forwarded a copy of the letter to Smith. The judge asked Smith to inform him if the issues raised in Howarth's letter had not been resolved.

On February 11th, Howarth filed a lengthy *pro se* motion requesting the superior court to take judicial notice of various facts and legal doctrines relating to Howarth's petition for post-conviction relief. On February 18th, Howarth (acting *pro se*) filed an amended petition. And, on March 8th, Howarth filed another addendum to his petition.

The State refused to respond to any of these pleadings. The State argued that Howarth was represented by counsel, and therefore he had no right to file documents on his own behalf.

On March 30th, the State alerted the court that the extra 45 days requested by Smith had expired. The State noted that Smith had failed to file an amended petition or any other response to the court's notice of proposed dismissal. The State conceded that Howarth himself had filed several additional documents, but the State reiterated its position that, because Howarth was represented by counsel, his *pro se* filings should be ignored.

On April 2, 1999, Judge Esch dismissed Howarth's petition for post-conviction relief. Judge Esch noted that Howarth's attorney had never responded to the proposed dismissal. Apparently rejecting the State's position on Howarth's *pro se* pleadings, Judge Esch referred to the *pro se* pleadings and expressed a willingness to rely on their contents. The judge concluded, however, that none of Howarth's *pro se* pleadings addressed the deficiencies that the court had

earlier noted when it announced its intention to dismiss Howarth's petition.[2] Judge Esch then stated: "Since [Howarth's] appointed counsel has not responded by the March 15, 1999 deadline, the court must assume that the defects in the application previously noted cannot be corrected[.]"

On April 12th, Howarth (again acting *pro se*) asked Judge Esch to reconsider his decision. Howarth told the court that it was "obvious" that he had received ineffective assistance of counsel from Smith—that Smith had made no effort to represent him. Howarth asked the court to rescind its dismissal and to appoint new counsel to represent him. The State responded by again arguing that Howarth should be required to bring any and all motions through his court-appointed attorney.

One week later, on April 20, 1999, Judge Esch denied Howarth's motion for reconsideration. Rather than directly addressing Howarth's claim that Smith had failed to represent him, Judge Esch ruled that Howarth's petition was properly dismissed because the petition was based on allegations that Howarth's trial attorney had been ineffective and because the petition failed to include an affidavit from Howarth's trial attorney.

Judge Esch correctly noted that, under Alaska law, a defendant who fails to provide an affidavit from their trial attorney (or explain why one can not be obtained) generally can not overcome the presumption that the trial attorney was competent. The judge then suggested that even if Smith failed to represent Howarth effectively in the post-conviction relief litigation, this error was harmless because, in the absence of the trial attorney's affidavit, Howarth's application would still have been denied for failure to state a *prima facie* case.[3]

*Why we conclude that Howarth's petition should not have been dismissed*

In its brief to this court, the State concedes that the superior court should not have

dismissed Howarth's petition. The State points out that, under Criminal Rule 35.1(e)(2), an attorney who is appointed to represent an indigent petitioner in a post-conviction relief action has 60 days to do one of three things: (1) inform the court that the petitioner will proceed on the claims raised in the original (usually *pro se*) petition; (2) file a pleading that amends or clarifies the claims to be litigated; or (3) notify the court that, after diligent review of the petitioner's claims, the attorney has concluded that none of them appear to have merit. Howarth's attorney, Smith, failed to do any of these things, either within the 60 days granted by the rule or within the extended period of time later granted by the superior court. The State contends that, because Rule 35.1(e)(2) was never satisfied, the superior court was not authorized to dismiss Howarth's case.

We agree with the State that the superior court should not have dismissed Howarth's petition, but we are hesitant to fully adopt the State's position that a trial court is powerless to dismiss a petition for post-conviction relief until the petitioner's attorney complies with Rule 35.1(d). We believe that a court might properly dismiss a petition for post-conviction relief if both the petitioner and the petitioner's attorney obstinately refuse to comply with Rule 35.1(d). Nevertheless, we agree with the State that, under the facts of this case, the superior court should have demanded a response from Smith rather than dismissing Howarth's petition.

Howarth is pursuing his first petition for post-conviction relief. Under Alaska law, he has a right to competent legal representation in this litigation.[4] There is reason to believe that Howarth has not received adequate representation.

When Judge Esch gave notice that he intended to dismiss Howarth's petition for failure to state a claim on which relief could be granted, Howarth's attorney, Smith, asked for additional time to supplement or amend Howarth's petition. But after this

---

**2.** Judge Esch appears to have overlooked Howarth's January 28 letter.

**3.** *See* Criminal Rule 35.1(d).

**4.** *See* AS 18.85.100(c); *Grinols v. State,* 10 P.3d 600, 618 (Alaska App. 2000).

extra time was granted, the court never heard from Smith again. In the meantime, Howarth repeatedly communicated with the court (and with the court system). Howarth complained that he could not get Smith to work on his case, he asked for another attorney, and he filed *pro se* pleadings (which the State repeatedly asked the superior court to disregard, since Howarth was represented by an attorney).

In these circumstances, Judge Esch should not have construed Smith's silence as an implicit concession that Howarth's petition had no merit and should be dismissed. Instead, the judge should have required Smith to explain why he had failed to respond in any fashion to the court's notice of intended dismissal. In addition, we believe Judge Esch should have required Smith to provide an answer to Howarth's accusation that he was neglecting the case.

Judge Esch may be correct that Howarth's petition, even as supplemented by Howarth's *pro se* pleadings, fails to comply with procedural requirements and/or fails to state a claim on which relief can be granted. But as things currently stand, that is beside the point. Howarth is entitled to the effective assistance of counsel in amending or supplementing the petition. The facts of this case suggest that Howarth has not received the legal assistance to which he is entitled. The superior court should not dismiss Howarth's petition until that suggestion is dispelled—or, if it is not dispelled, until a new attorney is appointed and has a meaningful opportunity to aid Howarth in reformulating his petition for post-conviction relief.

The judgement of the superior court is REVERSED. We remand Howarth's case to the superior court for further proceedings in accordance with this opinion.